MONTELL (UNITED STATES v.). See Case No. 15,798.

## Case No. 9,724.

### MONTELL v. The WILLIAM H. RUTAN.

[1 Int. Rev. Rec. 125.]

District Court, D. New York. 1865.

SHIPPING — JOINT OWNERSHIP — PARTNERSHIP — BILL OF LADING—MASTER'S FRAUD— LIABILITY OF VESSEL.

[1. On a libel against a vessel and her master, who was a part owner, by the assignee of a fraudulent bill of lading issued by him, where there is no allegation of joint ownership in the vessel and her business by the intervening part owners, there can be no recovery against them and their interest in the vessel.]

[2. Common ownership in a vessel does not create a common-law partnership; and an individual part owner has no power, because of such relation to the others, to bind them in relation to matters extra the necessary preservation of the property itself.]

[3. The master cannot subject a ship in rem, much less the co-owners, to a responsibility for safe carriage or delivery of cargo not actually laden on board for transportation in the lawful employment of the vessel.]

[4. A master, being a part owner in a vessel, who issues a fraudulent bill of lading, is liable in damages to an assignee thereof in good faith who made advances thereon, which damages may be recovered against the vessel to the extent of his interest therein.]

[This was a libel in rem by Francis T. Montell and others against the schooner William H. Rutan, and in personam against her master, Charles C. Rose, for damages for the nonperformance of a bill of lading.]

The bill of lading was executed by Rose, the master of the vessel, at Alexandria, Va., on September 30, 1857, by which he acknowledges the shipment on the vessel by Charles Howard, Jr., of 3,000 bushels of wheat and 1,000 bushels of corn, and which was to be delivered at New York to the shipper or his assigns. The libellants alleged that they advanced on this bill of lading the sum of $4,200, and it was assigned to them, and that on the arrival of the vessel at New York they demanded the wheat and corn, but the vessel failed to deliver more than 150 bushels of wheat and 1,000 bushels of corn, and they demanded judgment for the value of the cargo not delivered, against the vessel and the master, whom they alleged to be one of the owners thereof. Process was issued against the vessel, and also against Rose, with a clause of foreign attachment against his property, under which the vessel was seized, and personal service was made upon Rose. Rose never appeared in the action. But William Sprague and others, "intervening for their interest in the schooner," appeared and defended the action, denying that the master was part owner, and setting up that the bill of lading was false and fraudulent; that the wheat mentioned in it was never shipped on board her, except 150 bushels, which was duly delivered. And they proved on the trial the correctness of their allegation as to the bill of lading. The libellants claimed on the trial that the master, as part owner, was in law

the copartner of the other owners in this affreightment contract, and that they and the vessel were accordingly liable to them on it.

Beebe, Dean & Donohue, for libellants.
Benedict, Burr & Benedict, for claimant.

HELD BY THE COURT (BETTS, District Judge): That there is no allegation in the pleadings that the claimant's interest was that of a joint ownership in the vessel and her business, nor is the action brought against them individually, nor is any charge made against them of a common liability under the bill of lading. That the state of the pleadings, accordingly, does not authorize the description of relief sought for. That the law does not stamp upon a common ownership of vessels the character of a common-law partnership. Individual part owners have no power because of such connection with other owners to bind their fellows, aside of and beyond the necessary and regular uses of the vessels themselves. They do not acquire with their interest in that class of property an agency over it to implicate the responsibility of their co-owners, in relation to matters extra the necessary preservation of the property itself. Story, Ag. 42; Story, Partn. 650; Fland. Shipp. 378; Pars. Mar. Law, 334; 3 Kent, Comm. 151; Abb. Shipp. 137. That a cardinal restriction which applies to this case is that a master cannot subject a ship in rem, much less his co-owners, to a responsibility for safe carriage or delivery of cargo not actually laden on board of it for transportation in the lawful employment of the vessel. This principle is too firmly rooted in the doctrines of commercial jurisprudence to be now subject to question in this country or in England. The Freeman, 18 How. [59 U. S.] 182; Vandewater v. Mills, 19 How. [60 U. S.] 82; Story, Ag. § 456; Grant v. Norway, 2 Eng. Law & Eq. 337; Coleman v. Riches, 29 Eng. Law & Eq. 323. That as the libellants prove, by the testimony of the master himself, that he executed the bill of lading with knowledge that the wheat was not on board at the time, the bill of lading was nugatory and fraudulent, as to the vessel and all her co-owners, except the master himself. That, on the evidence, the master was interested in the vessel. That the interest of the claimants in the vessel is not so disclosed by the pleadings as to be affected by the result of the prosecution. That the decree can act on the vessel itself, in no way beyond the clear ownership of the master, and within the allegations of the libel of proofs. That the libellants are entitled to a decree against the master for their damages by reason of the breach of the bill of lading executed by him.

Ordered, therefore, that they recover that amount against him, and that it be referred to a commissioner to ascertain the amount; that the commissioner report also the value of the vessel and the time she was arrested in this suit, or the amount for which she was bonded and the value of the master's interest in her, and that, on the coming in of the report, the libellants have leave to claim the appropriation towards the damages of the value of such individual interest of the master in the vessel as may be decreed to be vested in him and legally allowable towards the satisfaction of the damages.